UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CATHLEEN PREMIL,
    Plaintiff,
-vs.-

QUALIA COLLECTION SERVICES an assumed name
for OPTIO SOLUTIONS, LLC
a Delaware company,
    Defendant.
_____/

## COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, CATHLEEN PREMIL, THROUGH COUNSEL, MICHIGAN CONSUMER CREDIT LAWYERS, BY GARY D. NITZKIN**, and for her Complaint against the Defendant, plead as follows:

### JURISDICTION

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

### VENUE

2. The transactions and occurrences which give rise to this action occurred in Kalamazoo County, Michigan.

3. Venue is proper in the Western District of Michigan.

1

## PARTIES

4. The Defendant to this lawsuit is Qualia Collection Services an assumed name for Optio Solutions, LLC, which is a Delaware company that maintains a registered agent in Ingham County, Michigan.

## GENERAL ALLEGATIONS

5. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Kohl's Dept. Stores with account number 480198-432580 in the amount of $2,471.69 (the "Debt").

6. The last time that Ms. Premil ever made a payment on the alleged Debt was in July 2009.

7. The Statute of Limitations to enforce the alleged debt has expired.

8. On or about January 28, 2017, Ms. Premil received a letter from Defendant attempting to collect the alleged Debt. In its letter, Defendant offered to "settle" the alleged debt for 50% of the balance.

9. Defendant's offer to "settle" the debt that is unenforceable is a misrepresentation of the FDCPA. It is misrepresenting the legal status of the alleged Debt, implying that it is enforceable through court action, when it is not.

10. Plaintiff has suffered damages, as a result of Defendant's actions.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

11. Plaintiff reincorporates the preceding allegations by reference.

12. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

13. Ms. Premil is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

14. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).

15. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. § 1692e(2)(A) by misrepresenting the character, amount or legal status of any debt when it sent Ms. Premil a letter attempting to "settle" the alleged Debt which has been expired by the Statute of Limitations;

   b. 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt when it attempted to "settle" the alleged Debt that is unenforceable; and

   c. 15 U.S.C. § 1692f(1) collecting any amount not permitted by law when it attempted to "settle" the alleged Debt even though it has been expired by the Statute of Limitations.

16. Ms. Premil has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages plus costs, interest and attorneys' fees as provided by the Fair Debt Collection Practices Act.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

17. Plaintiff incorporates the preceding allegations by reference.

18. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

19. Ms. Premil is a debtor as that term is defined in M.C.L. § 339.901(f).

20. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a. M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt when it offered to "settle" the alleged Debt even though the alleged Debt is unenforceable;

    b. M.C.L. § 339.915f(i) by misrepresenting the legal status of a legal action being taken when it offered to "settle" the alleged Debt which is unenforceable; and

    c. M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

21. Ms. Premil has suffered damages as a result of these violations of the Michigan Occupational Code.

22. These violations of the Michigan Occupational Code were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages plus costs, interest and attorneys' fees as provided by the Michigan Occupational Code.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

23. Plaintiff incorporates the preceding allegations by reference.

24. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at M.C.L. § 445.251.

25. Ms. Premil is a "Consumer" as that term is defined at M.C.L. § 445.251.

26. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. M.C.L. § 445.252(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt when it offered to "settle" the alleged Debt even though the alleged Debt is unenforceable;

    b. M.C.L. § 445.252(f)(i) by misrepresenting the legal status of a legal action being taken when it offered to "settle" the alleged Debt which is unenforceable; and

    c. M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

27. Ms. Premil has suffered damages as a result of these violations of the MCPA.

28. These violations of the MCPA were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages plus costs, interest and attorneys' fees as provided by the Michigan Collection Practices Act.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted.

February 28, 2017        /s/ Gary Nitzkin
                         GARY D. NITZKIN (P41155)
                         TRAVIS SHACKELFORD P68710
                         MICHIGAN CONSUMER CREDIT LAWYERS
                         Attorneys for Plaintiff
                         22142 West Nine Mile Road
                         Southfield, MI 48033
                         (248) 353-2882
                         Fax (248) 353-4840
                         Email – gary@micreditlawyer.com